**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | |
|---|---|
| **Kevin Wetherbee,** | : |
| | : |
| **Plaintiff,** | : **Civil Action No.:** 3:14-cv-1388 |
| **v.** | : |
| | : |
| **AFNI, Inc.; and DOES 1-10, inclusive,** | : **COMPLAINT** |
| | : |
| **Defendants.** | : |
| | : **September 23, 2014** |
| | : |
| | : |

For this Complaint, the Plaintiff, Kevin Wetherbee, by undersigned counsel,
states as follows:

<u>JURISDICTION</u>

1.      This action arises out of Defendants' repeated violations of the Fair
Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA"), and the
invasions of Plaintiff's personal privacy by the Defendants and their agents in
their illegal efforts to collect a consumer debt.

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in
that the Defendants transact business in this District and a substantial portion of
the acts giving rise to this action occurred in this District.

<u>PARTIES</u>

4.      The Plaintiff, Kevin Wetherbee ("Plaintiff"), is an adult individual
residing in Columbia, Connecticut, and is a "person" as defined by 47 U.S.C. §
153(39).

5.      Defendant AFNI, Inc. ("AFNI"), is an Illinois business entity with an

address of 404 Brock Drive, Bloomington, Illinois 61701, operating as a collection

agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.      Does 1-10 (the "Collectors") are individual collectors employed by

AFNI and whose identities are currently unknown to the Plaintiff.  One or more of

the Collectors may be joined as parties once their identities are disclosed

through discovery.

7.      AFNI at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8.      An individual allegedly incurred a financial obligation (the "Debt") to

an original creditor (the "Creditor").

9.      The Debt arose from services provided by the Creditor which were

primarily for family, personal or household purposes and which meets the

definition of a "debt" under 15 U.S.C. § 1692a(5).

10.      The Debt was purchased, assigned or transferred to AFNI for

collection, or  was employed by the Creditor to collect the Debt.

11.      The Defendants attempted to collect the Debt and, as such, engaged

in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. AFNI Engages in Harassment and Abusive Tactics

12.      Within the last year, AFNI began calling Plaintiff's home phone

number, 860-xxx-0664, in an attempt to collect the Debt from "Scott Whetherbee",

the Debtor.

13.      During a conversation, Plaintiff told AFNI that he was not the Debtor

and that the Debtor could not be reached at his telephone number.

2

14.     Plaintiff further requested that AFNI stop calling.

15.     However, AFNI continued to call Plaintiff in an attempt to reach the Debtor knowing that the Debtor could not be reached at that number.

**C.  Plaintiff Suffered Actual Damages**

16.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

17.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

18.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

19.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

20.     The Defendants' conduct violated 15 U.S.C. § 1692b in that Defendants contacted third parties on more than one occasion in connection with the collection of a debt.

21.     The Defendants' conduct violated 15 U.S.C. § 1692d in that Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt.

22.     The Defendants' conduct violated 15 U.S.C. § 1692d(5) in that Defendants caused a phone to ring repeatedly and engaged the Plaintiff in

3

telephone conversations, with the intent to annoy and harass.

23.     The Defendants' conduct violated 15 U.S.C. § 1692f in that Defendants used unfair and unconscionable means to collect a debt.

24.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

25.     The Plaintiff is entitled to damages as a result of Defendants' violations.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants:

1. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

2. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

3. Costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

4. Actual damages from the Defendants for the all damages including intentional, reckless, and/or negligent invasions of privacy in an amount to be determined at trial for the Plaintiff;

5. Punitive damages; and

6. Such other and further relief as may be just and proper.

TRIAL BY JURY DEMANDED ON ALL COUNTS

4

**Dated: September 23, 2014**

**Respectfully submitted,**

**By   /s/ Sergei Lemberg          **

**Sergei Lemberg, Esq.**
**LEMBERG LAW L.L.C.**
**1100 Summer Street, 3rd Floor**
**Stamford, CT 06905**
**Telephone: (203) 653-2250**
**Facsimile:   (203) 653-3424**
**Attorney for Plaintiff**