## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| **Kevin Wetherbee,** | : |
| **Plaintiff,** | : |
| v. | : Case No.: 3:14-cv01388-SRU |
| **AFNI, Inc.; and DOES 1-10, inclusive,** | : |
| **Defendant.** | : |

### ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant, AFNI, Inc. ("Defendant" or "AFNI"), by and through its attorneys, Valerie N. Doble of Hinshaw & Culbertson LLP, and for its Answer and Affirmative Defenses to Plaintiff Kevin Wetherbee's ("Plaintiff") Complaint, states as follows:

### JURISDICTION

1. Defendant denies the information contained in Paragraph 1.

2. Defendant admits this Court may exercise supplemental jurisdiction.

3. Defendant does not contest venue.

### PARTIES

4. Upon reasonable inquiry, the knowledge and information known and readily available to Defendant renders it unable to form a belief as to the truth of the information contained in Paragraph 4.

5. Defendant admits that it is an Illinois business entity with an address of 404 Brock Drive, Bloomington, Illinois 61701, and that it operates as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6) in many instances and for many purposes. Further answering the information in Paragraph 5, upon reasonable inquiry, the knowledge and information known and readily available to Defendant renders it unable to form a

belief as to the truth of the information contained in Paragraph 5 because it does not know the nature of the underlying debt.

6. Upon reasonable inquiry, the knowledge and information known and readily available to Defendant renders it unable to form a belief as to the truth of the information contained in Paragraph 6.

7. Upon reasonable inquiry, the knowledge and information known and readily available to Defendant renders it unable to form a belief as to the truth of the information contained in Paragraph 7.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

A. The Debt

8. Upon information and belief, Defendant admits the allegations in Paragraph 8.

9. Upon reasonable inquiry, the knowledge and information known and readily available to Defendant renders it unable to form a belief as to the truth of the information contained in Paragraph 9.

10. Upon information and belief, Defendant admits the allegations in Paragraph 10.

11. Defendant admits that it made collection efforts to collect a debt. Upon reasonable inquiry, the knowledge and information known and readily available to Defendant renders it unable to form a belief as to the truth of the remaining information contained in Paragraph 11.

B. AFNI Engages in Harassment and Abusive Tactics

12. Defendant admits that it called the phone number listed in Paragraph 12 one time, and that the one call was placed in the last year. Defendant denies the remaining information in Paragraph 12.

13. Defendant denies the allegations contained in Paragraph 13.

    14.    Defendant denies the allegations contained in Paragraph 14.

    15.    Defendant denies the allegations contained in Paragraph 15.

C.    <u>Plaintiff Suffered Actual Damages</u>

    16.    Defendant denies the allegations contained in Paragraph 16.

    17.    Defendant denies the allegations contained in Paragraph 17.

    18.    Defendant denies the allegations contained in Paragraph 18.

## COUNT I

## VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

    19.    Defendant incorporates its responses to Paragraphs one through 18 as if fully restated herein.

    20.    Defendant denies the allegations contained in Paragraph 20.

    21.    Defendant denies the allegations contained in Paragraph 21.

    22.    Defendant denies the allegations contained in Paragraph 22.

    23.    Defendant denies the allegations contained in Paragraph 23.

    24.    Defendant denies the allegations contained in Paragraph 24.

    25.    Defendant denies the allegations contained in Paragraph 25.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Defendant asserts that Plaintiff has not incurred an injury in fact, and Plaintiff therefore does not have standing under Article III of the United States Constitution to bring the instant claims.

## SECOND AFFIRMATIVE DEFENSE

Any violation of the Fair Debt Collection Practices Act, which Defendant denies occurred, was not intentional and would have resulted from a *bona fide* error notwithstanding the maintenance of procedures reasonably adapted to avoid such error.

## THIRD AFFIRMATIVE DEFENSE

Defendant asserts that, upon information and belief, arbitration may be the appropriate venue for Plaintiff's claims, as Defendant may possess certain arbitration rights based on contracts entered into by Plaintiff, and this matter may be precluded from proceeding within the United States District Court.

WHEREFORE, Defendant, AFNI, Inc., respectfully request that the Court grant it judgment on the claims in the complaint and grant such other and further relief in its favor as the Court deems just and proper.

**Defendant,**
By its attorneys,

Dated: December 16, 2014  */s/ Valerie N. Doble*_____
Valerie N. Doble, ct27251
Hinshaw & Culbertson, LLP
28 State Street, 24th Floor
Boston, MA 02109
Tel: (617) 213-7000 / Fax: (617) 213-7001
Email: vdoble@hinshawlaw.com

## CERTIFICATE OF SERVICE

I, Valerie N. Doble, hereby certify that on December 16, 2014, the above document was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

*/s/ Valerie N. Doble ct27251*_____